## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

**UNITED STATES OF AMERICA,**

     Plaintiff,

**VS.**                                                                                      NO.    09-20034

**WILLIAM BOYER,**

     Defendant.

---

### MOTION TO DISMISS COUNT ONE OF THE INDICTMENT

---

**COMES NOW** the Defendant, William Boyer, by and through his attorney, Michael E. Scholl and moves this Honorable Court pursuant to 26 U.S.C.A. § 6531 to dismiss count one of the indictment against him.  In support of this motion, Defendant would state as follows:

### FACTS

1.     That on February 11, 2009, the Grand Jury sitting in the United States Court for the Western District of Tennessee returned a five count indictment against the Defendant.  Each count alleged a violation of 26 U.S.C. § 7201 for a different tax year between 2001 and 2005.

2.     Count one specifically charges the Defendant with a violation of 26 U.S.C.A. § 7201 for willfully attempting to evade and defeat an income tax owing to the United States for the calendar year 2001.  Said tax being due April 15, 2002.  This being done by failing to file a tax return, pay said tax and by filing a false W-4.

### LAW

1.     26 U.S.C.A. § 6531 states "No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the

information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years... (2) for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof...”

2.      The Sixth Circuit has long held that the six year statute of limitations begins to “run at the last affirmative act of evasion” in furtherance of that particular crime.  U.S. V. Dandy, 998 F.2d 1344 (6th Cir. 1993). (Holding that the statute of limitations began to run on a date after the filing of the tax return when the government filed a superseding indictment alleging that the acts of evasion for a particular tax year occurred after the filing of the return. )

3.      In the case before the Court, the Government has alleged that the Defandant’s acts of evasion occurred in count one by failing to file an income tax return and by filing a false W-4. The act of filing the W-4 occurred before April 15, 2002, and the act of failing to file a tax return occurred April 15, 2002.  Each of these dates being well outside the six (6) year statute of limitations for tax evasion concerning taxable income in the 2001 calendar year.  See United States v. Habig, 390 U.S. 222, 88 S. Ct. 926, 19 L.Ed. 2d 1055 (1968).

**WHEREFORE, DEFENDANT PRAYS** that this Honorable Court dismiss count one of the indictment for the above mentioned reasons and for such further relief as the Court deems necessary.

Respectfully submitted:

s/ Michael E. Scholl
MICHAEL E. SCHOLL (16284)
Attorney for Defendant
8 South Third Street, Fourth Floor
Memphis, Tennessee 38103
(901) 529-8500

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and exact copy of the foregoing document has been served Assistant United States Attorney, Justin Bailey at 167 North Main, Suite 800, Memphis, Tennessee 38103, via electronic delivery on this the 5th day of October, 2011.

s/ Michael E. Scholl
MICHAEL E. SCHOLL