```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 09-20034** |
| | ) | |
| **William D. Boyer** | ) | |
| | ) | |
| | ) | |
|     **Defendant** | ) | |
| | ) | |

**ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE**

Before the Court is Plaintiff United States of America's ("the Government") September 12, 2011 Motion in Limine, which requests an order precluding Defendant William D. Boyer ("Boyer") from (1) presenting evidence to challenge the constitutionality of federal tax laws, and (2) presenting evidence relating to alternative interpretations of federal tax laws.  (See Gov.'s Mot. in Limine to Exclude Anticipated Tax Defier Evidence and Arg., ECF No. 66) ("Motion").)  Boyer responded on October 7, 2011.  (See Def.'s Resp. To Gov.'s Mot. in Limine 2, ECF No. 69) ("Def.'s Resp.")  For the following reasons, the Government's Motion is GRANTED.

    **I.**   **Background**

1

On February 11, 2009, a federal grand jury returned a five-count indictment charging Boyer with income tax evasion in violation of 26 U.S.C. § 7201 for the calendar years 2001 through 2005. (See Indictment, ECF No. 3.) The Government alleges that Boyer has a "long history of adducing anti-government legalistic gibberish," such as filing frivolous and fraudulent W-4 filings with his employer and claiming tax exempt status on federal forms. (Mot. 1-2.) According to the Government, Boyer's history of tax defier activities, combined with his "propensity to recite [] sovereign citizen/tax mantras in the case at bar," suggests that Defendant will introduce evidence of his status as a tax-exempt sovereign nation and the unconstitutionality of federal tax laws. (Id. 2.) The Government contends that tax defier evidence is irrelevant under Federal Rule of Evidence 402. (Id.) Even if Boyer's tax defier evidence were relevant, the Government argues that this Court should exclude it because its prejudicial effect outweighs its probative value under Rule 403. (Id.) The Government argues that presenting tax defier evidence to the jury would "invade the Court's province [under Rule 103(c)] in instructing the jury on the law." (Id.)

**II. Analysis**

Generally, all relevant evidence is admissible, and evidence is relevant if it has "any tendency" to make the

2

existence of any consequential fact more or less probable. See Fed. R. Evid. 401, 402. Under Federal Rule of Evidence 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." See Fed. R. Evid. 403.

In Cheek v. United States, 498 U.S. 192, 203 (1991), the Supreme Court held that it is erroneous "to disregard evidence of [the defendant's] understanding that, within the meaning of the tax laws, he was not a person required to file a return or to pay income taxes and that wages are not taxable income, as incredible as such misunderstandings of and beliefs about the law might be." Such evidence is relevant to prove the defendant's willfulness in disregarding his duty to pay taxes. Id. at 201. Claims that tax provisions are unconstitutional, however, "do not arise from innocent mistakes caused by the complexity of the Internal Revenue Code. Rather, they reveal full knowledge of the provisions at issue and a studied conclusion, however wrong, that those provisions are invalid and unenforceable." Id. at 205. Even if courts choose to admit evidence of constitutionality, "an instruction to disregard them would be proper." Id. at 206.

**A. Tax Validity Evidence**

3

The Government argues that Boyer's evidence of the unconstitutionality of the tax code should be excluded. That argument is well taken.

Although the Government does not request the exclusion of specific pieces of evidence, this Court is persuaded that Boyer's evidence attacking the constitutionality of federal tax laws should be excluded. See United States v. Hughes, 308 F. App'x 882, 886-87 (6th Cir. 2009). In Hughes, the Sixth Circuit found no abuse of discretion in the trial court's exclusion of "materials [that] were being submitted to support [the defendant's belief] that the tax laws were unconstitutional." Id. at 886. The defendant in Hughes, like Boyer, was prosecuted for tax evasion under § 7201 for failing to file tax returns over a multi-year period. Id. at 882. Although the Sixth Circuit noted that "a taxpayer's understanding of the law can be at issue in a case," the defendant acknowledged that he intended his evidence to challenge the validity of federal laws, not his willfulness. Id. at 886. The Sixth Circuit held that Cheek was "fatal" to Hughes' constitutional arguments. Id.

The evidence that Boyer seeks to introduce in this case is nearly identical to the evidence in Hughes. Boyer argues that he did not file tax returns because of "his good-faith belief . . . that the tax code was unconstitutional." Id. Regardless of a defendant's good faith, "[his] views about the validity of

4

tax statutes . . . need not be heard by the jury." Cheek, 498 U.S. at 206. Because Cheek is "fatal" to evidence attacking the constitutionality of federal tax provisions, that evidence should be excluded. 308 F. App'x at 886.

Although Boyer's evidence may not be admitted, Sixth Circuit precedent permits him to make brief references to that evidence throughout the proceedings. See United States v. Middleton, 246 F.3d 825, 838-39 (6th Cir. 2001) (allowing the defendant to read notes and show videotapes to establish his good-faith defense, but refusing to admit those items into evidence); United States v. Nash, 175 F.3d 429, 435-36 (6th Cir. 1999) (excluding the defendant's evidence because it confused the issues, but noting that "a defendant should be allowed to present to the jury [] pertinent [evidence] on which he or she relied" in raising a good-faith defense); United States v. Gaumer, 972 F.2d 723, 724 (6th Cir. 1992). Where appropriate, Boyer will be "permitted to briefly mention and quote from" evidence that is to be excluded. Nash, 175 F.3d at 436.

### B. Evidence of Alternative Interpretations of Tax Code

The Government argues that Boyer should be prohibited from presenting "evidence relating to alternate interpretations of the federal tax laws if (a) such evidence was not actually relied upon by the defendant, or (b) such evidence could confuse the jury or undermine the authority of the Court." (Mot. 3-4.)

5

In support of its Motion, the Government alleges that Boyer has a history of reciting "sovereign citizen/tax defier" mantras. (Id. 2.) The Government's argument is well taken.

As a threshold matter, Boyer may present evidence of alternative interpretations of the tax code so long as they relate to his understanding of what the law was. Cheek, 498 U.S. at 203; United States v. Powell, 955 F.2d 1206, 1214 (9th Cir. 1991) (permitting evidence of what the defendant thought the law was, but excluding evidence of "what the law is or should be."). Cheek permitted a defendant prosecuted for tax fraud to present evidence showing that, "within the meaning of the tax laws, he was not a person required to file a return or to pay income taxes." 498 U.S. at 203. The reasonableness of that belief was irrelevant because the "'purpose of [tax evasion laws was not] to penalize frank difference of opinion or innocent errors made despite the exercise of reasonable care.'" Id. at 205 (quoting United States v. Bishop, 412 U.S. 346, 360-61 (1973)). If the defendant "truly believed that the Internal Revenue Code did not purport to treat wages as income, and the jury believe[d] him, the Government would not have carried its burden to prove willfulness," however unrealistic and irrational that belief may have seemed. Id. "[T]he more unreasonable the asserted beliefs or misunderstandings are, the more likely the jury will consider them to be nothing more than simple

6

disagreement with known legal duties imposed by the tax laws and will find that the Government has carried its burden of proving knowledge." 498 U.S. at 203-04.

The distinction between evidence to disprove a mens rea element ("what the law was") and normative evidence challenging the law's validity ("what the law should be") is crucial. Powell, 955 F.2d at 1214; see also Cheek, 498 U.S. at 203-04 (reversing the district court's exclusion of evidence pertaining to the defendant's state of mind, but affirming the exclusion of validity evidence). In Nash, the Sixth Circuit affirmed the exclusion of four pieces of tax defier evidence because they confused the issues, including a 48-page lecture outline that contained information on the Fourteenth Amendment, citizenship, tax liability, and the Constitution. 175 F.3d at 435. The district court found that the "exhibits held the danger of confusing the jury by" proffering legal conclusions that challenged and contradicted the instructions provided by the district court. Id. The Sixth Circuit concluded that the defendant could introduce documents that prompted him to "change his official position from that of a taxpayer to a non-taxpayer," letters to the IRS, and the defendant's lecture notes on the constitutionality of federal tax provisions because "a defendant should be allowed to present to the jury the pertinent

7

excerpts from the [evidence] on which <u>he or she relied</u>." <u>Id.</u> (emphasis added).

Like the defendant in <u>Nash</u>, Boyer is prohibited from introducing alternative interpretations of the tax code insofar as they present legal conclusions. Evidence that Boyer is "sovereign" or otherwise immune from tax liability because of his unique interpretations of the tax code is inadmissible. Nothing in the Court's ruling, however, prohibits the introduction of materials relating to the "willfulness" of Boyer's actions. <u>Cheek</u>, 498 U.S. at 203; <u>accord</u> <u>Middleton</u>, 246 F.3d 838-39. To introduce evidence negating willfulness, including evidence of applicable legal standards, <u>see</u> <u>Nash</u>, 175 F.3d at 435-36, Boyer must establish that he relied on that information. <u>Id.</u> (citing <u>Gaumer</u>, 972 F.2d at 724-25).

Boyer correctly notes that the Government relies on at least two pre-<u>Cheek</u> cases in support of its Motion. (<u>See</u> Def.'s Resp. 2.) The Government's reliance on those cases does not defeat its Motion because Sixth Circuit precedent requires defendants to establish their reliance on the misunderstanding of tax standards. <u>See</u> <u>Nash</u>, 175 F.3d at 435-36. Unless a defendant establishes his reliance on the proffered tax interpretations to negate willfulness, the defendant offers

8

legal conclusions that confuse the issues and must be excluded. Id.

### III. Conclusion

Boyer may not introduce evidence to challenge the constitutionality of federal tax laws because that evidence would confuse the issues. See Fed. R. Evid. 403. Boyer may not introduce evidence of alternative interpretations of federal tax laws if that evidence is offered to prove "what the law should be." Powell, 955 F.2d at 1214. Boyer may, however, introduce alternative interpretations of tax laws to show his understanding of "what the law was," provided he actually relied on the evidence submitted. See Cheek, 498 U.S. at 203; Powell, 955 F.2d at 1214. The Government's Motion in Limine is GRANTED.

So ordered this 14th day of October, 2011.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE